

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JOHN H. RAINES,**

    Petitioner,

v.                                                Civil Action No. **3:25CV478**

**WARDEN- FCI PETERSBURG CAMP,**

    Respondent.

## MEMORANDUM OPINION

John H. Raines, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition.[1] ("§ 2241 Petition," ECF No. 1.)[2] For the reasons set forth below, the § 2241 Petition will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction.

### I.    PROCEDURAL HISTORY

After a guilty plea in this Court, on March 10, 2025, Raines was convicted of mail fraud and engaging in monetary transactions in criminally derived property and was sentenced to 108 months of incarceration. *United States v. Raines*, 3:24CR138 (E.D. Va. March 10, 2025), ECF

---

[1] The statute provides, in pertinent part:

    **(c)** The writ of habeas corpus shall not extend to a prisoner unless--
        (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
        (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
        (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C.A. § 2241(c)(1)–(3).

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation in the quotations from Raines's submissions.

No. 43. Raines did not appeal. However, in the ensuing six months, Raines has continuously attacked his conviction and sentence through motions for recusal, for modification of sentence, two motions to reduce sentence, a 28 U.S.C § 2255 motion, and now this § 2241 Petition. *See id.*; ECF Nos. 46, 47, 54, 55, 57. Indeed, attached to his § 2241 Petition, and presumably in support of his claims although linked to none, is the Motion for Modification of Sentence that was denied by Memorandum Order entered on June 10, 2025. *See id.* at 53.

In his § 2241 Petition, Raines raises the following ground for relief:

Claim One: "Ineffective Counsel[.] Counsel pressured and coerced Mr. Raines into accepting a plea deal by lying to him about the Government agreeing to request sentencing within the assigned guidelines of 46-57 months or less, only later on to tell him that he did not get it in writing. Counsel told Mr. Raines that if he agreed to plead guilty to the lesser charge, they would not investigate any further charges. However, a private firm investigated, and the Government added that information to increase his sentence and amount of restitution." (ECF No. 1, at 7.)

Claim Two: "Over-Sentenced[.] The prosecution . . . erred when they argued for a higher sentence as a deterrent due to this not being the first time the [Virginia Birth Injury Fund ("VBIF")] was a target of a crooked insider. Prior actions of another having no bearing on the sentence of Mr. Raines and this should not have been allowed into the court record. (In reference to former claims manager Iris F. Allen who was sentenced in 2010 to 10 years in prison for stealing $774,000 from the program) Mr. Raines was sentenced to over double his recommended guidelines and above the upper variance requested by the prosecution." (*Id.*)

Claim Three: "Judge was clearly biased against Mr. Raines[.] There was considerable attention given to this case as evidenced by the large number of fund supporters and media in attendance. This directly pressured and influenced the judge's decision. We feel the judge was biased due to the media publicity that this case received and the fact that it dealt with a children's foundation. We ask that the sentencing judge be removed from the case and this case be reassigned to a non-biased judge that will not be influenced by public opinion." (*Id.*)

Claim Four: Court & counsel erred in not obtaining a mental health evaluation on Mr. Raines[.] In fact, the judge questioned counsel about this at his sentencing hearing. Psychological evaluations play a critical role in criminal cases. These evaluations are not just routine procedures, they are pivotal in

providing courts with a comprehensive understanding of the defendant's mental state and behavioral patterns. This understanding can significantly influence the outcome of sentencing, offering insights that go beyond the black-and-white of legal statutes to encompass nuanced shades of human behavior. Federal Rule of Criminal Procedure 12.2." (*Id.* at 8.)

The Court notes that Raines raises the same or very similar claims in his pending § 2255 motion. *See Raines*, No. 3:24CR138, ECF No. 57. As discussed below, Raines fails to demonstrate that he may use § 2241 to obtain relief.

## II.     ANALYSIS

### A.     Law Governing § 2241 Petitions

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[3] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). The United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that

---

[3] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

3

provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his or her conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). Until recently, the test in the Fourth Circuit was as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added). However, on June 22, 2023, the United States Supreme Court held that the "limitation on second or successive motions [does not] make § 2255 'inadequate or ineffective' such that the prisoner may proceed with his statutory claim under § 2241." *Jones v. Hendrix*, 599 U.S. 465, 470 (2023). The Fourth Circuit has subsequently acknowledged that *In re Jones* has been abrogated by *Jones v. Hendrix*. *See Bell v. Streeval*, 147 F.4th 452, 464–66 (4th Cir. 2025).[4]

Nevertheless, the test that remains is simple. As explained above, "[t]he section 2255 remedy 'is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *Marlowe v. Warden, FCI Hazleton*, 6 F.4th 562, 568–69 (4th Cir. 2021) (quoting *In re Vial*, 115 F.3d at 1194)). Instead, the savings clause of § 2255 "reserves recourse to § 2241

---

[4] With respect to inmates challenging their sentence, the Fourth Circuit had expanded the test in *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). However, *Jones* also abrogated *Wheeler*.

4

in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Jones*, 599 U.S. at 478.

### C. This Court Lacks Jurisdiction Over Raines's Claims in his § 2241 Petition

Little discussion is needed here because the Court lacks jurisdiction over Raines's claims by way of a § 2241 petition. Simply put, Raines fails to satisfy the savings clause. Raines cannot show that a § 2255 motion would be inadequate or ineffective to test the legality of his detention as he must. *See Hall v. Warden, FCI Williamsburg*, No. 24-7103, 2025 WL 2437838, at *1 (4th Cir. Aug. 25, 2025) (citing *Jones*, 599 U.S. 477–80). Accordingly, Raines cannot proceed under 28 U.S.C. § 2241. Raines may pursue his claims in his pending § 2255 motion. However, this action will be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

### IV. CONCLUSION

For the foregoing reasons, Raines's § 2241 Petition (ECF No. 1) will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction.

An appropriate Final Order shall accompany this Memorandum Opinion.

Date: 29 September 2025
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge